**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-60250

RENEE SMITH

Plaintiff-Appellee

v.

RONNIE PENNINGTON, Individually and in his official capacity as Sheriff of
Rankin County, Mississippi; KEN DICKERSON, Individually and in his official
capacity as Sheriff of Rankin County, Mississippi; EDDIE THOMPSON,
Individually and in his official capacity as Jail Captain; RONNIE ANDREWS,
Individually and in his official capacity as Jail Lieutenant; MARCIA GARDNER,
Individually and in her official capacity as Jail Sergeant; DAVID PARKER,
Individually and in his official capacity as a Jailer; JOHN RENFRO,
Individually and in his official capacity as a Jailer; AGNES SMITH, Individually
and in his official capacity as a Jailer; SANTELL EASTERLING, Individually
and in his official capacity as a Jailer; JAMES REDD, Individually and in his
official capacity as a Jailer

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-103

Before JONES, Chief Judge, and WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court has considered the appellants' appeal from the denial of their qualified immunity for the death of detainee Moreco Ragsdale in March 2003. Based on the briefs, oral argument, and record, we conclude that the district court should have evaluated each individual appellant's entitlement to qualified immunity and that, so considered, some appellants are entitled at this stage to the benefit of the defense. *See Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006). We assume, although it is a contested fact, that detainee Ragsdale died as a consequence of the blow to the head he suffered in the February attack by Alvin McLaurin, another inmate.

Specifically, the appellee has failed to produce a genuine issue of material fact concerning the potential liability of the Rankin County Jail's "supervisory defendants," *i.e.*, Sheriffs Pennington and Dickerson, Messrs. Thompson and Andrews, and Ms. Gardner. There is no cognizable fact issue concerning the inadequacy of the conditions of confinement, amount of food available for inmates, or any similar issue raised by appellee.

Among the appellants who are jail employees, appellee has failed to allege a constitutional violation by jailer Parker, who is therefore entitled to qualified immunity. The appellee has also failed to identify a genuine issue of material fact concerning jailer Redd's or jailer Renfro's actions toward Ragsdale on March 5, 2003. The undisputed facts show that these employees did not display deliberate indifference to Ragsdale's serious medical needs as his condition rapidly deteriorated. The care he was given appears without dispute to have been appropriate under the circumstances and knowledge these individuals possessed about Ragsdale's symptoms.

We are concerned, however, that there is a dearth of evidence to support summary judgment based on qualified immunity for jail sergeant Gardner and jailers Easterling, Smith, and Redd for their actions toward Ragsdale between the date he was punched in the head and the day he was transported to the

hospital. Appellee offers the Perkins affidavit, which asserts that the jailers had knowledge of the severity of the head injury, of Ragsdale's oral and written complaints of headaches and dizziness, and the increasing severity of his symptoms. We might infer that these jailers deny they received written medical request slips because the jail could not produce any such slips in response to a document request. We cannot, however, draw inferences from silence as to their lack of involvement or knowledge of Ragsdale's general condition and his allegedly worsening state.

This court has held that it is appropriate to conduct discovery related to the defense of qualified immunity. *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987). Securing affidavits or testimony from jailers who had daily contact with Ragsdale will confirm whether any genuine issue of material fact exists concerning the constitutionality of their treatment of Ragsdale. We thus vacate the district court's denial of immunity to jailers Easterling, Gardner, Smith, and Redd, and remand for such additional discovery as will elicit:

1. What knowledge each appellant had about the fight between Ragsdale and Alvin McLaurin;

2. Whether each appellant saw medical request slips filed by Ragsdale or became aware of Ragsdale's complaints about headaches and dizziness; and

3. What actions each appellant took in response to Ragsdale's symptoms of which he or she became aware.

Based on the answers to these questions as to each of these jail employees, the district court may then reevaluate their qualified immunity defenses.

For these reasons, the judgment of the district court is **REVERSED IN PART** with instructions to **DISMISS** as to Appellants Pennington, Dickerson, Thompson, Andrews, Parker, and Renfro; and **VACATED AND REMANDED IN PART** as to Appellants Gardner, Easterling, Smith, and Redd.